UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Abdul Kadir Jaiteh,** | Civil No. 07-1727 (PJS/JJG) |
| Petitioner, | |
| | **REPORT** |
| v. | **AND** |
| | **RECOMMENDATION** |
| **Alberto Gonzales,** | |
| Respondents. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on Abdul Jaiteh's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). Mr. Jaiteh (Jaiteh) is proceeding on his own behalf. Respondent Alberto Gonzales, named in his official capacity as Attorney General of the United States,[1] is represented by Mary L. Trippler, Assistant U.S. Attorney. The petition is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1.

**A.   Background**

Jaiteh is a Gambian national. Immigration and Customs Enforcement[2] (ICE) determined that Jaiteh overstayed his visa, and issued a finalized order of removal, in March 2002. (Rec. at 24.) He was taken into custody in January 2005 and prosecuted for presenting false immigration documents. (Rec. at 43.) Jaiteh subsequently pleaded guilty to the charge. After receiving a

---

[1] Mr. Gonzales has resigned from this office, which is now occupied by the Honorable Michael Mukasey. The current Attorney General, in his official capacity, is the real party in interest. But this change is immaterial to a decision on the merits here.

[2] References to ICE may incorporate its predecessor agency, the Immigration and Naturalization Service (INS).

sentence for time served, he was remanded to the custody of ICE on February 10, 2006, which has since detained him at the Sherburne County Jail. (Rec. at 42.)

Since then, Jaiteh cooperated with ICE efforts to secure travel documents so that he can be repatriated to Gambia. (*See* Rec. at 41, 45.) On February 16, 2006, ICE sent an application to the Gambian embassy, requesting travel documents for Jaiteh. (Rec. at 27.) A consular official interviewed Jaiteh on March 2, 2006. After the interview, the official was evidently satisfied that Jaiteh was Gambian, but a final determination awaited confirmation abroad. (Rec. at 45.)

Since that time, ICE has pressed the Gambian embassy for travel documents, to no avail. The embassy generally failed to return inquiries in March and April 2006, until another consular official briefly took up the matter. That person asked ICE to resubmit the application for travel documents. (Rec. at 45, 53.)

When ICE queried Gambian officials in May, June, and July 2006, they responded that they were still awaiting word from Gambia. The matter evidently languished for several months. After performing a custody review in November 2006, ICE renewed its efforts to procure travel documents. A Gambian official evidently represented, in December 2006, that the embassy was anticipating travel documents for Jaiteh. Notwithstanding several calls in January, February, and March 2007, Gambian officials had nothing more to report.

Jaiteh filed his current petition on March 30, 2007. The Attorney General responded to the petition on May 1, 2007, and the record is silent about events since that time.

In his petition, Jaiteh contends that there is no significant likelihood he will be removed, and so his continued, indefinite detention violates due process. The Attorney General responds that, because Jaiteh has not shown his removal is unlikely, due process is not violated. Citing a declaration by an ICE official, the Attorney General further notes that Gambia ordinarily accepts

repatriation, but that it often takes up to twelve months to process travel documents. (Decl. of S. Baniecke, Apr. 20, 2007.)

**B.      Analysis**

As the parties have indicated, the dispute is governed by the U.S. Supreme Court decision in *Zadvydas v. Davis*. 533 U.S. 678 (2001). In the decision, the Court examined the authority of the Attorney General to detain aliens under 8 U.S.C. § 1231(a). The statute generally provides that, once a final order of removal issues, the Attorney General shall detain the alien for ninety days or until removal occurs. If that period expires without removal, the statute grants discretion to hold the alien for a longer time, but it does not indicate any limits on that discretion.

The issue in *Zadvydas* was whether the statute allowed the Attorney General to hold an alien indefinitely. Because due process ordinarily forbids indefinite detention, the Court ruled that the statute only allows detention for the period reasonably necessary to effect removal. 533 U.S. at 689-91, 699.

As an aid to administration of this rule, the Court determined that detention of an alien for less than six months is presumptively reasonable. Once that period ends, the alien may then challenge whether continued detention violates due process, by showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 700-01. If the alien makes the showing, then the Government has the burden to rebut with proof that removal is likely in the reasonably foreseeable future. *Id.* at 701.

When assessing what period is reasonably necessary, the Court indicated, reasonableness depends on how long the alien has been detained. "[F]or detention to remain reasonable, as the period of postremoval confinement grows, what counts as the 'reasonably foreseeable future'

would have to shrink." *Id.* The Court nonetheless emphasized that, until "there is no significant likelihood of removal in the reasonably foreseeable future," detention may continue. *Id.*

At the time that Jaiteh filed his petition, he had been in ICE custody for about fourteen months. The parties do not dispute that, because this period exceeds six months, Jaiteh may raise a due process challenge to further confinement by showing there is no significant likelihood of removal.

Jaiteh summarily contends that, because ICE has not effected his removal, his continued detention violates due process. The Attorney General responds that Jaiteh has not met his initial burden to show good reason that there is no significant likelihood of removal. And even if Jaiteh had met this burden, the Attorney General adds, delays are not attributable to ICE officials, who are anticipating removal soon.

This Court will assume, without deciding, that Jaiteh has met his initial burden that there is no significant likelihood of removal. And this Court is otherwise persuaded, based on ICE officials' communications with the Gambian embassy, that ICE has made diligent and reasonable efforts to obtain travel documents and remove Jaiteh. So the relevant question becomes whether the fourteen-month delay, which is not the fault of Jaiteh or ICE officials, is enough to show no significant likelihood of removal here.

*Zadvydas* involved "stateless" aliens who were unable to procure travel documents at all. *See* 533 U.S. at 684-86. So where a foreign country ordinarily accepts repatriation, and that country is acting on an application for travel documents, most courts conclude the alien fails to show no significant likelihood of removal. *See Khan v. Gonzales*, 481 F.Supp.2d 638, 642 (W.D.Tex. 2006); *Nma v. Ridge*, 286 F.Supp.2d 469, 474-75 (E.D.Pa. 2003); *Khan v. Fasano*, 194 F.Supp.2d 1134, 1136-37 (C.D.Cal. 2001); *Fahim v. Ashcroft*, 227 F.Supp.2d 1359, 1366-67

(N.D.Ga. 2002); *see also Joseph v. United States*, 127 Fed.Appx. 79, 81 (3d Cir. 2005) (per curiam).

A few courts, including one from this District, have reached a contrary result. Like in the current litigation, the Attorney General indicated ICE was diligently pursuing travel documents from a foreign country. And for unknown reasons, that country's processing of the documents had stalled. The courts reasoned that, if the Attorney General cannot show that travel documents are being processed, there can be no significant likelihood of removal. *See Bah v. Cangemi*, 489 F.Supp.2d 905, 923 (D.Minn. 2007); *Singh v. Gonzales*, 448 F.Supp.2d 1214, 1219 (W.D.Wash. 2006).

The majority position is more persuasive here. Though the minority courts seem inclined to reject evidence of ICE's diligence, this Court thinks that where diligence is shown, removal is more likely. *See Hmaidan v. Ashcroft*, 258 F.Supp.2d 832, 838 (N.D.Ill. 2003); *Fahim*, 227 F.Supp.2d at 1365-66.

The majority position is also more consistent with *Zadvydas*. The decision emphasizes that the alien show "*no* significant likelihood of removal." 533 U.S. at 701 (emphasis added). If travel documents are pending before a foreign government, and a consular official suggests that the documents are forthcoming, this Court cannot find *no* significant likelihood of removal. For this reason, Jaiteh's petition is appropriately denied.

But as *Zadvydas* indicates, the longer the period an alien is held, the more likely delays will become unreasonable. Where a foreign country delays issuance of travel documents for an extraordinarily long period, it is possible to infer—as seems implicit from the minority position —that documents will not issue at all, and thus that there is no significant likelihood of removal.

That inference *currently* lacks support in the record here.  The record shows that Gambia may take up to twelve months to issue travel documents.  Though Jaiteh has waited over fourteen months, the delay is not long enough to show that travel documents are not forthcoming.  But if Gambia does not issue travel documents soon, removal seems less likely and thus continued detention may become unreasonable.  *See Fahim*, 227 F.Supp.2d at 1368.

C.      **Conclusion and Recommendation**

Because the record currently does not establish that Jaiteh faces no significant likelihood of removal, his petition for a writ of habeas corpus is appropriately denied.  Should his removal be further delayed, however, his continued detention may become unreasonable and thus violate due process.  So this ruling should be without prejudice to his right to bring, on newly developed facts, another petition for a writ of habeas corpus.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Jaiteh's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED.**

2. This matter be dismissed in its entirety and judgment entered.

3. This ruling be **WITHOUT PREJUDICE** to Jaiteh's right to further challenge his detention in a future petition.

Dated this 28th day of April, 2008.            /s    *Jeanne J. Graham*

                                                JEANNE J. GRAHAM
                                                United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **May 9, 2008.**  A party may respond to the

objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.